[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this highway condemnation case, the state has taken in fee a strip of land owned by the plaintiff ranging from CT Page 2414 26 feet to 29 feet in width and 364 feet in length along Buckland Road, South Windsor, which forms the easterly boundary of the plaintiff's land (Exhibit B). The area taken is 0.226 acre. An easement over 0.148 acre to provide a slope supporting the widened Road has also been taken, which is generally parallel to the strip taken in fee. Another easement for drainage over .029 acre into a tributary of Plum Gulley Brook has also been acquired. In addition, rights to reconstruct the existing driveway and to install a sedimentation control system along the base of the slope easement have been taken, but the exercise of these rights would not be detrimental to the property.
The reports of both appraisers have divided the plaintiff's total acreage into two parcels for the purpose of analyzing the damages resulting from the taking: (1) a single family dwelling and lot; and (2) a tract of unimproved land. With respect to the first parcel, the state's appraiser, Joseph D'Eugenio, found a reduction in value of $10,000, a figure that corresponds closely to the loss of the 0.105 acre of the parcel taken in fee ($6825) and 0.053 acre for the slope easement treated as 95% taken ($3273) at his unit value of $65,000 per acre (Exhibit 1, pp. 2a, 13). He found no severance damages. For this parcel, the plaintiff's appraiser, Peter Marsele, found a reduction in value of $25,000, which is based upon the fact that the reconstructed Buckland Road will be 26 feet closer to the house than before and will increase the adverse effects from road traffic (Exhibit C, pp. 5, 7, 9).
With respect to the second parcel, which both appraisers evaluated on the basis of its potential for residential development, D'Eugenio concluded there had been a reduction in value of $4497, allowing $2541 for the 0.121 acre taken in fee, $1895 for the 0.095 acre slope easement, and $61 for the .029 acre drainage easement (Exhibit 1, pp. 2, 200). These calculations are based on a unit price of $21,000 per acre and he rounded off his figure to $4500. Marsele found that the value of the undeveloped land had been reduced from $271,600 to $252,300, a loss of $19,300, based upon a decline in the unit values of the entire tract from $35,000 to $33,000 per acre as well as the loss of 0.116 acre taken in fee.
With respect to the first parcel, the house and a CT Page 2415 1.134 acre lot, the court concludes that the closer proximity of the reconstructed road to the house will cause a reduction in the value of the entire property because of an increase in the adverse effects of traffic in Buckland Road and also the necessary increase in the grade of the already steep driveway. The court finds the fair market value of the house before the taking to be $200,000 and its value to have been reduced to $185,000 because of these effects as well as the loss of the land taken in fee and that encumbered by the slope easement. The resulting damages for this property are $15,000.
With respect to the second parcel, the court agrees with D'Eugenio that there is no severance damage and no basis for any reduction in the unit price of the entire tract of undeveloped land. His unit value of $21,000 per acre, however, is much lower than the unit prices of the acreage relied upon by Marsele as comparable sales, which are located much nearer to the subject property than those used by D'Eugenio. Two of the Marsele comparables are closer in time to the condemnation date, July 30, 1992, and a 20% price adjustment has been made for the April 22, 1988 sale of the 350 Buckland Road property, which is only a short distance on the other side of the road from the subject property. The subject property does have some drawbacks, which are evident from viewing the property, in that it is below the grade of Buckland Road, is traversed by a brook, and has only 184 feet of frontage on Buckland Road, of which fifty feet would be required for a cul-de-sac road to develop the rear portion of the land. The court concludes that the fair market value of this land is $30,000 per acre.
Using the same formula employed by D'Eugenio, but substituting a unit price of $30,000 per acre, results in the following calculation of damages to the second parcel:
Fee: 0.121 acre x $30,000 = $3630
 Slope Easement: 0.095 acre x $30,000 x .95 = 2708
 Drainage Easement: 0.029 acre x $30,000 x .10 = 87 ---- $6425
CT Page 2416
Accordingly, the court concludes that the taking has resulted in damages of $6425 to the second parcel, the undeveloped land.
A summary of the damages found is as follows:
Parcel 1 (House and Lot) $15,000
 Parcel 2 (7.607 acre tract) 6,425 ------- $21,425
The state deposited $14,600 when it filed its notice of condemnation, which the plaintiff has received. The balance of the damages from the taking is $6,825.
It is ordered that judgment enter to recover $6,825 from the defendant with interest from July 30, 1992, the date of condemnation, and costs including an appraisal fee of $1,500.
David M. Shea State Trial Referee